IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-1997-N (BH) |
| | ) | ECF |
| STATE OF TEXAS, | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I.  BACKGROUND

On October 7, 2005, plaintiff filed the instant action for monetary damages against the State of Texas for alleged conspiracy and false claims related to visiting with her child. No process has been issued in this case.

### II.  PRELIMINARY SCREENING

The Court has permitted plaintiff to proceed *in forma pauperis*. Her complaint is thus subject to *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal if the Court finds the complaint "frivolous" or "malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief."

As demonstrated below, plaintiff seeks monetary relief from a defendant which is immune to such relief.

### III.  IMMUNITY

Plaintiff seeks monetary damages as relief against the State.  "The Eleventh Amendment[, however,] secures the states' immunity from private suits for monetary damages filed in federal court."  *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000).  Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communications v. BellSouth Telecommunications Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit nor has Congress abrogated the Eleventh Amendment immunity, *see Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Plaintiff cannot obtain monetary damages from the State.

### IV.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court summarily **DISMISS** plaintiff's complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SIGNED this 22nd day of March, 2006.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE