IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SONYA L. CHAPMAN, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:05-CV-1997-N (BH) |
| | ) | ECF |
| JOHN DOE, et al., | ) | Referred to U.S. Magistrate Judge |
|     Defendant. | ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of Reference dated December 4, 2007, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

### I. BACKGROUND

On October 7, 2005, plaintiff filed the instant action for monetary damages against the State of Texas for alleged conspiracy and false claims based on denial of visitation with her child. The Court thereafter dismissed the action because of Eleventh Amendment immunity accorded to the State of Texas. The Fifth Circuit Court of Appeals affirmed the dismissal, but vacated the judgment of the Court and remanded the case to the District Court so as to give plaintiff an opportunity to amend her complaint. On November 7, 2007, plaintiff filed an amended complaint in which she indicates that she brings suit against two unidentified school principals for denying her the right to visit her son at school. No process has been issued in this case.

### II. PERSONAL JURISDICTION

Plaintiff seeks to sue two unidentified school principals in this action. However, the Court has no personal jurisdiction over unidentified defendants. *See Taylor v. Fed. Home Loan Bank Bd.*,

661 F. Supp. 1341, 1350 (N.D. Tex. 1986). Consequently, the claims against such defendants are subject to dismissal. The Court may raise the question of personal jurisdiction sua sponte. *Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY*, 242 F.3d 322, 324 (5th Cir. 2001) (approving sua sponte dismissal of action instead of entry of default judgment); *Frass v. Southern Pac. Transp. Co.*, 810 F. Supp. 189, 190 (S.D. Miss. 1993) (raising questions of venue and personal jurisdiction sua sponte). When a district court raises the issue of personal jurisdiction sua sponte, however, it should provide a reasonable opportunity for the plaintiff to answer the court's jurisdictional concerns. *See Sys. Pipe & Supply, Inc.*, 242 F.3d at 325.

Because the time allotted for objecting to these findings provides a reasonable opportunity for plaintiff to cure the jurisdictional defect, the Court should dismiss this action if plaintiff fails to properly identify the two defendants.

### III. PRIOR SANCTIONS

The United States District Court for the Western District of Texas twice sanctioned plaintiff in December 2000 while she was a prisoner in the Texas Department of Criminal Justice (TDCJ). *Chapman v. Ament*, No. W-00-CA-249, slip op. at 1 (W.D. Tex. Dec. 1, 2000); *Chapman v. Univ. Tex. Med. Branch*, No. W-00-CA-250, slip op. at 1 (W.D. Tex. Dec. 1, 2000). In the first case, the court imposed a $25.00 sanction "for submitting false and deliberately misleading information in her complaint" and barred her from filing future civil actions until she has "satisfied all sanctions and obtained prior written consent from a United States District Judge or Magistrate Judge." In the second case, the court barred her filing any future civil action without obtaining prior written, judicial consent.

2

This Court long ago noted that inmates could avoid imposed sanctions after being transferred to another federal district for incarceration. *See* Misc. Order 48 (issued Nov. 15, 1993). The Court thus expressed its "opinion that each federal district court in Texas should honor the sanctions imposed by another federal court in Texas." *See id.* Consequently, this Court indicated that it would "observe and enforce sanctions imposed by another federal court in Texas involving [TDCJ] inmates who file pleadings in this District, unless the sanctioned inmate establishes a change of circumstances or otherwise demonstrates that enforcing such previously imposed sanctions would be unjust." *Id.* The Court has also applied Misc. Order 48 to Texas inmates housed in county jails, *see Oliver v. Bowles*, No. 3:04-CV-1809-N, 2004 WL 2216597, at *1-2 (N.D. Tex. Oct. 1, 2004) (applying Misc. Order 48 to inmate in Dallas County Jail), *accepted by* slip op. (N.D. Tex. Nov. 29, 2004), and to observe and enforce sanctions imposed by the Fifth Circuit Court of Appeals, *see Spearman v. Dretke*, No. 3:06-CV-0291-P, slip op. (N.D. Tex. Mar. 27, 2006) (accepting findings, conclusions, and recommendation of magistrate judge); *Spearman v. Dretke*, No. 3:05-CV-1471-P, slip op. (N.D. Tex. Aug. 30, 2005) (same).

Because the instant action was commenced by a former TDCJ inmate who was sanctioned by the Western District of Texas while she was an inmate, the Court should apply Misc. Order 48 to the instant action. If the Court applies Misc. Order 48 to observe and enforce the sanctions imposed against plaintiff in the Western District of Texas, plaintiff is barred from filing this action unless (1) she obtains prior judicial written consent for the action and shows that she has satisfied all previously imposed sanctions, including payment of the $25.00 to the Western District of Texas

or (2) establishes a change of circumstances or otherwise demonstrates that it would be unjust to enforce the previously imposed sanctions.

Plaintiff has not shown that she has paid the $25.00 sanction or that she obtained judicial written consent before filing this action. Furthermore, although plaintiff is no longer a prisoner in the Texas prison system, she has shown no adequate change in circumstances or otherwise demonstrated that it would be unjust to enforce the sanctions imposed by the Western District of Texas in this district. Nevertheless, because the Court recently discovered the prior sanctions against plaintiff, the Court should give her a reasonable opportunity to show why the Court should not enforce the Western District's sanctions against her.[1]

Because the time allotted for objecting to these findings provides a reasonable opportunity to show reasons for not enforcing the previously imposed sanctions, the Court should dismiss this action if plaintiff fails to provide an adequate reason within such allotted time.

## IV. RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** this action without prejudice[2] unless within the time allotted for objections to this recommendation, plaintiff (1) demonstrates that it would be unjust to enforce the sanctions previously imposed against her, and

---

[1] The Court declines to construe any document filed in this action as a request for judicial pre-approval. Nothing in the filings in this case indicate that plaintiff seeks approval to file the action. Plaintiff simply filed her complaint in this Court without seeking leave to file it. If plaintiff desires to file an action in this Court, she must comply with the sanction orders of the Western District of Texas by showing payment of the monetary sanction and filing a proper motion that seeks leave to file her civil complaint.

[2] "Without prejudice" means that the dismissal of itself will not prevent plaintiff from later pursuing an action against the two principals.

(2) cures the problem with personal jurisdiction by properly identifying the two principals sought to be sued in her amended complaint.

**SIGNED this 11th day of December, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE